Patrick L. Oot, Jr. (admitted *pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
1155 F Street, N.W., Suite 200
Washington, D.C. 20004
Telephone:	202.783.8400
Facsimile:	202.783.4211
Email: oot@shb.com

John K. Sherk (SBN 295838)
M. Kevin Underhill (SBN 208211)
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, CA 94104
Telephone:	415.544.1900
Facsimile:	415.391.0281
Email: jsherk@shb.com
Email: kunderhill@shb.com

Attorneys for Defendants
UBER TECHNOLOGIES, INC.;
UBER USA, LLC; and RASIER-CA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL GONZALES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.; UBER USA, LLC; RAISER-CA, and DOES 1-10, inclusive;<br><br>Defendants. | Case No. 3:17-cv-02264-JSC<br><br>**DEFENDANTS' MOTION FOR LEAVE TO SEEK RECONSIDERATION OF THE COURT'S ORDER REGARDING PLAINTIFF'S UCL CLAIM** |

# INTRODUCTION

Pursuant to Local Rule 7-9, Uber moves for leave to seek partial reconsideration of the Court's recent order dismissing most of Plaintiff's claims. *Gonzales v. Uber Technologies, Inc.*, No. 17-cv-02264-JSC, 2018 WL 1863148 (N.D. Cal. Apr. 18, 2018). The Court denied Uber's motion as to the UCL claim, saying it was "unpersuaded that at this stage of the litigation Plaintiff cannot pursue equitable relief." *Id.* at *11. Uber respectfully submits that the Court did not consider dispositive facts and arguments showing Gonzales cannot pursue injunctive relief or restitution. L.R. 7-9(b)(3). He cannot seek injunctive relief because he has not alleged ongoing conduct, and he cannot seek monetary relief under the UCL because his claim is one for damages, not restitution.

# ARGUMENT

**I.    The Court's order did not mention injunctive equitable relief or address Uber's argument that Gonzales's own allegations show he has no standing to seek such relief.**

Standing requires an injury that is "concrete and particularized" and "actual or imminent." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). A risk of future injury can be "concrete" only if the threatened injury is "imminent." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) ("certainly impending"); *see O'Shea v. Littleton*, 414 U.S. 488, 496 (1974) ("a real and immediate threat of repeated injury"); *Phillips v. Apple Inc.*, No. 16-17189, 2018 WL 946743, at *1 (9th Cir. Feb. 20, 2018) (same). For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548 (citation and punctuation omitted).

In a class action seeking injunctive relief, the named plaintiff must allege facts showing personal entitlement to such relief. *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1044–45 (9th Cir. 1999). "[A]llegations that a defendant's conduct will subject unnamed class members to the alleged harm [are] insufficient to establish standing to seek injunctive relief on behalf of the class." *Phillips v. Apple Inc.*, No. 15-CV-04879-LHK, 2016 WL 5846992, at *6 (N.D. Cal. Oct. 6, 2016) (citing *Hodgers-Durgin*); *aff'd*, 2018 WL 946743 (9th Cir. Feb. 20, 2018); *see also, e.g.*, *Shank v. Presidio Brands, Inc.*, No. 17-CV-00232-DMR, 2018 WL 510169, at *5 (N.D. Cal. Jan. 23, 2018) (similar holding). And even "at the pleading stage, a plaintiff must 'clearly ... allege facts demonstrating'" standing. *Spokeo*, 136 S. Ct. at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

In *Phillips*, the Ninth Circuit agreed that the named plaintiffs had failed to allege standing to seek an injunction regarding Apple's "Wi-Fi Assist" feature. 2018 WL 946743, at *1. Even if plaintiffs had alleged a *past* injury, the court held, they had not alleged standing to seek *prospective* relief. Their allegations showed they had disabled the feature, and they did not allege an intent to re-enable it or other facts showing a plausible risk of future harm. *Id*. They therefore failed to plead facts showing a "real and immediate threat of repeated injury." *Id.*; *see also T.K. v. Adobe Sys., Inc.*, No. 17-CV-04595-LHK, 2018 WL 1812200, at *14 (N.D. Cal. Apr. 17, 2018) (citing *Phillips*; dismissing injunctive claims for similar reasons); *In re Nexus 6P Prods. Liab. Litig.*, No. 17-cv-02185-BLF, 2018 WL 1156861, at *41–42 (N.D. Cal. Mar. 5, 2018) (similar holding).

As Uber argued here, Gonzales not only failed to plead facts showing he faces a real and immediate threat of repeated injury, he conceded facts showing otherwise. *See* Mtn. to Dismiss (Dkt. 38) at 24:19–25:6; Reply (Dkt. 43) at 15:1–23. He alleged Uber stopped collecting the allegedly private data years ago. FAC ¶¶ 8, 50, 52. He cannot seek to enjoin conduct he concedes has already stopped. *See Bruton v. Gerber Prod. Co.*, No. 12-CV-02412-LHK, 2018 WL 1009257, at *7 (N.D. Cal. Feb. 13, 2018) (dismissing where "the business has ceased the offending practice on its own and thus there is nothing left to enjoin."); *Snyder v. Nationstar Mortg. LLC*, No. 15-cv-03049-JSC, 2015 WL 7075622, at *11 (N.D. Cal. Nov. 13, 2015) (holding plaintiff could not seek to enjoin conduct she did not allege was "ongoing"). Beyond that, Gonzales conceded he stopped using the Lyft app in 2014 (FAC ¶ 19), and did not allege an intent to drive for Lyft in the future.[1] (Nor has he ever articulated a plausible basis for his claim that he might somehow be injured today if Uber still has data it collected about his location in 2014, data that would now be well over three years old.) Thus, even if he had alleged ongoing conduct, he still would lack personal standing to seek an injunction. For similar reasons, Judge White has held that a defunct cab company had no standing to seek prospective injunctive relief against Uber. *A White and Yellow Cab, Inc. v. Uber Tech., Inc.*, No. 15-

---

[1] These facts distinguish this case from *Davidson*, in which the Ninth Circuit held that a plaintiff in a false-advertising case could seek prospective relief by alleging ongoing conduct and an intent to buy the defendant's products in the future. *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1113–16 (9th Cir. 2017). This is not a false-advertising case, nor did Gonzales allege ongoing conduct or any intent to drive for Lyft again. *See, e.g.*, *In re Nexus 6P Litig.*, 2018 WL 1156861, at *41–42 (distinguishing *Davidson* on similar grounds); *Bruton*, 2018 WL 1009257, at *7 (same).

cv-05163-JSW, 2017 WL 1208384, at *5 (N.D. Cal. Mar. 31, 2017). The same is true here. At a minimum, therefore, the Court should dismiss Gonzales's UCL claim to the extent he seeks injunctive relief.

## II. The Court also failed to address arguments showing Gonzales's claim for monetary relief under the UCL should be dismissed. His claim is for damages, not restitution.

The Court's order did address whether Gonzales had standing to seek equitable monetary relief. *Gonzales*, 2018 WL 1863148, at *10–11. It cited the paragraphs asserting Gonzales's theory that a reduced supply of Lyft drivers would have caused longer wait times for potential riders, causing some to cancel and try another option, and held this "sufficiently alleged that [Gonzales] lost revenue." *Id*. (citing FAC ¶¶ 9, 101, 102). But this does not describe the kind of "loss" that can be recovered under the UCL. It describes (at best) a lost *opportunity to earn* revenue, not a loss of "revenue" already earned. That is a claim for damages, not restitution. Uber made this argument in the papers and at the hearing, and as the transcript shows, at the hearing the Court appeared to agree. *See* Dkt. 38 at 24:6–18; Dkt. 43 at 15:1–9; Hearing Tr. (Jan. 11, 2018) at 80:1–2 ("It does seem more like lost profits than restitution."). The written order, however, fails to make this distinction.

First, as the Court is aware, the only monetary relief the UCL permits is restitution. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144–45 (2003). "[A]n order for restitution is one 'compelling a UCL defendant to *return* money obtained through an unfair business practice to those persons in interest from whom the property was *taken*....'" *Id*. at 1149 (citation omitted, emphasis added). That is, "lost money" under the UCL means just that—money the plaintiff once *had*, but *lost* because of the defendant's unfair practice. This includes, of course, money that a plaintiff paid to a defendant (directly or indirectly) because of misleading advertising. *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 336 (2011).[2] In rare cases, it may also include money in which the plaintiff had a previously "vested interest," such as wages the plaintiff has already earned. *Korea Supply*, 29 Cal. 4th at 1149 (citing *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163,

---

[2] *Kwikset* held that a plaintiff who has lost money but is not "eligible for restitution" because (for example) the defendant did not itself acquire that money may still have standing to seek *injunctive* relief. 51 Cal. 4th at 336–37. That is irrelevant here because Gonzales lacks standing to seek injunctive relief for other reasons, as discussed above.

178 (2000)). But it does *not* include "lost revenue" that a plaintiff alleges he might have earned but for the unfair practice. That is a claim for damages (money "lost" only in the sense of "lost profits"), not restitution, and so it is not permitted under the UCL. *Korea Supply*, 29 Cal. 4th at 1150–51.

Gonzales did not allege he paid Uber any money. He did not allege he earned any money that Uber now owes him. He did not and could not allege he had a "vested right" to the money he is seeking, as the Court also recognized at the hearing. Tr. at 80:2–3 ("It's not as if you have any rights to any of those rides."). He alleged only that he—or at least some Lyft drivers—"experienced decreased earnings" because Uber's conduct caused potential Lyft riders to cancel and (presumably) pay someone else instead. FAC ¶ 9. That is a damages claim.

In fact, it is a damages claim very similar to the one rejected in *Korea Supply*. There, the plaintiff alleged that as a result of bribes and other acts of unfair competition, the defendant earned revenue that would otherwise have gone to the plaintiff. 29 Cal. 4th at 1141–42. Here, Gonzales alleged that as a result of Uber's conduct, it obtained revenue from riders who would otherwise have ridden with him. The monetary relief he seeks therefore "does not represent a quantifiable sum owed by defendant[ ] to plaintiff. Instead, it is a contingent expectancy of payment from a third party." *Id*. at 1150. The restitution claim in *White and Yellow Cab* failed for the same reason. *See* 2017 WL 1208384, at *10–11 (rejecting plaintiff's argument that it had a "vested right" to money it would have earned from fares Uber "took" from it). At the hearing, Gonzales's counsel conceded that the UCL permits only "restitution, not damages" (Tr. at 78:19), but his argument that Uber received fares "that otherwise would have gone to Lyft" is precisely the sort of "lost profits" argument rejected in the cases above. Thus, whether Gonzales has a valid claim for damages or not, he has not alleged a valid claim for restitution under the UCL. *See Korea Supply*, 29 Cal. 4th at 1152.

Second, the order also does not address Uber's similar argument that Gonzales did not allege an entitlement to equitable relief (injunctive or restitutionary) because he did not show his legal remedies would be inadequate. *See* Dkt. 38 at 24:6–24 (citing, *e.g.*, *Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1203 (N.D. Cal. 2016) and *Nguyen v. Nissan N. Am., Inc.*, No. 16-cv-05591, 2017 WL 1330602, at *3–4 (N.D. Cal. Apr. 11, 2017)); Dkt. 43 at 15:1–5. Again, whether his legal claims can *succeed* is not the question; only whether an adequate legal remedy is *available*. *McKesson*

*HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1093 (9th Cir. 2003); *Mullins v. Premier Nutrition Corp.*, No. 13-CV-01271-RS, 2018 WL 510139, at *2 (N.D. Cal. Jan. 23, 2018). Indeed, "courts in the Northern District have routinely dismissed equitable claims brought under the UCL and CLRA on the pleadings—including claims for restitution—where the plaintiff fails to establish that there is no adequate remedy at law available." *Mullins* at *2. Here, Gonzales made the same argument (almost word-for-word) in his opposition to both of Uber's motions, arguing only that legal remedies were inadequate because an injunction was necessary. Dkt. 22 at 24:8–15; Dkt. 41 at 24:26–25:3. He never made any attempt to argue that damages would be an inadequate monetary remedy, and as discussed above he has no standing to seek an injunction. For this reason too, therefore, he failed to state a UCL claim.

Finally, the order also did not address Uber's argument that Gonzales's allegations were too attenuated to adequately plead that he personally lost any money or property as a result of the unfair practice. *See* Dkt. 38 at 21:21–23:15; *see also, e.g.*, *Spokeo*, 136 S. Ct. at 1548 (injury must be personal); *Kwikset*, 51 Cal. 4th at 323 (same). He offered only conclusory and speculative allegations suggesting *he* lost money as a result of Uber's program, especially given his allegations that the program began in 2014, that its effects would only be felt "over time," and that he had stopped using the Lyft app by November 2014. FAC ¶¶ 8, 19, 50, 102. He alleged no facts at all to support an inference that enough drivers had switched by November 2014 to make the Lyft app "less effective" before he stopped using it. In short, even if Plaintiff sufficiently alleged *some* drivers *would* have lost revenue, he did not allege *he* actually did. *See Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1049 (9th Cir. 2017) (holding theory that companies raise prices when text message traffic increases was too "hypothetical and conjectural" to plead standing); *Singh v. Google LLC*, No. 16-CV-03734-BLF, 2018 WL 984854, at *4 (N.D. Cal. Feb. 20, 2018).

Again, however, the more important point is that even if he had alleged and could prove the above, it would not matter for purposes of the UCL claim because he would have shown only that he had suffered damages. He may or may not be able to recover those damages via one of his other causes of action, but he cannot recover them by means of the UCL.

**CONCLUSION**

Uber respectfully requests leave to seek reconsideration of the Court's order on its second motion to dismiss, on the grounds that the Court failed to consider certain dispositive arguments showing that Gonzales lacks standing to seek either injunctive relief or restitution under the UCL. L.R. 7-9(b)(3). Uber has acted with reasonable diligence as the rule requires, filing just nine days after the Court issued its decision. Because Gonzales conceded facts that show he lacks standing for injunctive relief, to that extent the claim should be dismissed without leave to amend. Should the Court allow leave to amend otherwise, it should require Gonzales to plead facts showing that he might be entitled to restitution, not damages; that his legal remedies would be inadequate; and that he, personally, suffered any alleged loss.

Dated:  April 27, 2018                                  Respectfully submitted,

                                                        SHOOK, HARDY & BACON L.L.P.


                                                        By:   /s/ M. Kevin Underhill
                                                              PATRICK L. OOT, JR.
                                                              JOHN K. SHERK
                                                              M. KEVIN UNDERHILL

                                                        Attorneys for Defendants
                                                        UBER TECHNOLOGIES, INC.;
                                                        UBER USA, LLC; and RASIER-CA