UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 17-cv-02264-JSC<br><br>**ORDER GRANTING UBER'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 52 |

Plaintiff Michael Gonzales brings this action on his own behalf and as a putative class action for Lyft drivers whose electronic communications and whereabouts were allegedly intercepted, accessed, monitored, and/or transmitted by Defendants Uber Technologies, Inc., Uber USA LLC, and Raiser-CA (together, "Uber"). Now pending before the Court is Uber's motion for leave to seek partial reconsideration of the Court's Order dismissing the majority of Plaintiff's claims with leave to amend. (Dkt. No. 52.) Uber specifically seeks reconsideration of the Court's decision to deny Uber's motion to dismiss Plaintiff's UCL claim. (*Id.*) For the reasons discussed below, Uber's motion is GRANTED.

**DISCUSSION**

A party seeking leave to file a motion for reconsideration must show either: (1) "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court"; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order;" or (3) a "manifest failure by the Court to consider material facts or dispositive legal arguments" previously presented to the court. N.D. Cal. Civ. L . R. 7-9(b). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party ... seeks to

1  have reconsidered." N.D. Cal. Civ. L.R. 7-9(c).

2      While the Court's Order did discuss whether Plaintiff has standing to seek equitable relief
3  it did not squarely address Uber's argument that Plaintiff is not entitled to injunctive relief because
4  Plaintiff stopped driving for Uber in 2014 nor that the decreased effectiveness of the Lyft app was
5  a lost opportunity to earn revenue, not a loss of revenue already earned.

6      Accordingly, Uber's motion for leave is GRANTED. Plaintiff's opposition to Uber's
7  motion for reconsideration is due May 16, 2018.  Uber's reply must be filed by May 23, 2018.

8      This Order disposes of Docket No. 52.

10  **IT IS SO ORDERED.**

11  Dated: May 2, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge