UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-02264-JSC<br><br>**ORDER RE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 52 |

Plaintiff Michael Gonzales brings this action on his own behalf and as a putative class action for Lyft drivers whose electronic communications and whereabouts were allegedly intercepted, accessed, monitored, and/or transmitted by the Uber defendants. The Court granted Uber's motion to dismiss the First Amended Complaint on all causes of action except the California Unfair Competition Law ("UCL") claim. (Dkt. No. 51.) The Court denied dismissal of the UCL claim on the grounds that Plaintiff had sufficiently alleged UCL statutory standing. (*Id.* at 17-18.) As the Court neglected to address Uber's additional UCL argument that Plaintiff did not sufficiently plead standing to pursue injunctive relief nor plead facts showing that he is entitled to restitution, the Court granted Uber leave to file a motion for reconsideration. Now pending before the Court is Uber's motion for reconsideration of the Court's Order regarding the UCL claim. (Dkt. No. 52.) Having carefully reviewed the parties' briefing, the Court GRANTS Uber's motion with leave to amend. Plaintiff has not alleged facts sufficient to plausibly show standing to pursue injunctive relief or that he had an interest in money or property that Uber took and thus should restore to Plaintiff.

//

//

**DISCUSSION**

Uber argues Plaintiff cannot seek injunctive relief under the UCL because "he has not alleged ongoing conduct and he cannot seek restitution under the UCL because his claim is one for damages, not restitution." (Dkt. No. 52 at 2:8-9.)

### B.     Injunctive Relief

"[W]here, as here, [Plaintiffs] seek declaratory and injunctive relief, they must demonstrate that they are 'realistically threatened by a *repetition* of the violation.'" *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (quoting *Armstrong v. Davis*, 275 F.3d 849, 860–61 (9th Cir. 2001) (emphasis in original). "Standing must be shown with respect to each form of relief sought," and a plaintiff seeking injunctive relief "must demonstrate that he has suffered or is threatened with a concrete and particularized legal harm, coupled with 'a sufficient likelihood that he will again be wronged in a similar way.'" *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (citations and internal quotation marks omitted).

Plaintiff has not alleged facts that plausibly suggest that he faces a significant likelihood of "real and immediate threat of repeated injury." *Bates*, 511 F.3d at 985.  Plaintiff alleges Uber secretly used the spyware starting in 2014 and into 2016, Dkt. No. 34 ¶ 52; however there is no allegation that Uber continued to the spyware *after* 2016.  Further, Plaintiff alleged he stopped driving for Lyft in November 2014, Dkt. No. 55 ¶ 19; therefore, even if Uber were to redeploy the spyware Plaintiff would not face a real threat of repeated injury unless he drives for Lyft again, which he has not alleged he intends to do.

Plaintiff's arguments to the contrary are unpersuasive.  First, he contends that "Defendants' retention of Plaintiff's personal and private data and their lack of assurance of its destruction threatens continual injury to Plaintiff." (Dkt. No. 54 at 3:11-12.)  However, Plaintiff has not alleged facts that plausibly suggest he is injured by Uber's retention of his more than three-year old geolocation history.  *Remijas v. Neiman Marcus, LLC*, 794 F.3d 688 (7th Cir. 2015) is inapposite as there the data breach involved data that could be used to make fraudulent charges or assume consumers' identities.  *Id.* at 693-94.  No similar allegations about data are made here.

Second, Plaintiff relies on *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103 (9th Cir.

2017) to argue that he has standing even though Uber ceased using the spyware. That decision was amended and superseded by *Davidson v. Kimberly-Clark Corporation*, 889 F.3d 956 (9th Cir. May 9, 2018). There the court concluded the plaintiff had standing even though she was already aware of the deceptive product advertising because she pled that she "continues to desire to purchase" the product. *Id*. at 970. Here, Plaintiff has not alleged a desire to drive for Lyft in the future; thus, even if Uber were to use the spyware it would not harm Plaintiff. Plaintiff's reliance on *People v. Overstock.com, Inc.*, 12 Cal.App.5th 1064, 1091 (2017) is unpersuasive for the same reason: presumably the plaintiff could and would purchase from Overstock.com again. Here there are no allegations that suggest Plaintiff would drive for Lyft again.

Accordingly, Plaintiff has not alleged sufficient facts to support his standing to seek injunctive relief because he has not alleged facts that plausibly suggest "a sufficient likelihood that he will again be wronged in a similar way." *Bates*, 511 F.3d at 985. As it is not apparent that the pleading deficiency cannot be cured by amendment, the injunctive relief claim is dismissed with leave to amend.

### B. Monetary Relief

A plaintiff may not recover money damages under the UCL, but may recover restitution. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148 (2003). Restitution "is confined to restoration of any interest in 'money or property, real or personal, which may have been acquired by means of ... unfair competition.'" *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 336 (2011) (quoting Cal. Bus. & Prof. Code § 17203). "[A]n order for restitution is one 'compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person.' The object of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Korea Supply Co. v. Lockheed Martin Corp*., 29 Cal. 4th 1134, 1149 (2003). Uber contends that Plaintiff has not pled that he had an interest in any money that Uber acquired and thus should be restored to Plaintiff. The Court agrees.

Uber's alleged use of the spyware was a lost profit opportunity for Lyft, and thus for

Plaintiff, but not a benefit that Plaintiff had an ownership interest in.  Plaintiff only alleges that Uber's use of the spyware decreased the effectiveness of the Lyft app by decreasing the availability of Lyft drivers which in turn harmed Plaintiff and the other class members.  (Dkt. No. 34 ¶¶ 101-102.)  This allegation is one of classic money damages, not restitution.  Plaintiff's citation to *Fladeboe v. Am. Isuzu Motors, Inc.*, 150 Cal.App.4th 42 (2007) is unhelpful.  There, the defendant made misrepresentations to the plaintiff to take money that did not belong to the defendant.  The trial court therefore found that the defendant owed restitution to the plaintiff.  *Id*. at 68 (the trial court "correctly and wisely ordered [the defendant] to return the money it obtained from [the plaintiff] through that unfair business practice.")  Here, in contrast, Plaintiff has not alleged Uber falsely represented itself to and took money from Plaintiff; instead, Plaintiff alleges that Uber's unfair business practice decreased the effectiveness of the Lyft app which harmed Plaintiff, presumably because Plaintiff received fewer ride requests.  *Fladeboe* is not applicable.

## CONCLUSION

The Court's previous order did not address Plaintiff's standing to obtain injunctive relief or whether he had sufficiently alleged entitlement to restitution; instead, the order addressed only statutory standing under the UCL.  *See Kwikset Corp.*, 51 Cal. 4th at 335-36 ("the standards for establishing standing under section 17204 and eligibility for restitution under section 17203 are wholly distinct").  For the reasons described above, Uber's motion for reconsideration is GRANTED.   Plaintiff's UCL claim is dismissed with leave to amend.  Plaintiff shall file an amended complaint, if any, by July 18, 2018.

This Order disposes of Docket No. 52.

**IT IS SO ORDERED.**

Dated: June 21, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge